ATTWOOD, Plaintiff in Error, *v.* CLARK.

What is reasonable time within which an act is to be performed, when a contract is silent on the subject, is a question of law.

In a writ of error to the Court of Common Pleas, the case appeared to be thus :

It was an action of *assumpsit* by *Clark* against *Attwood,* and was tried upon the general issue. It appeared that the contract was made at *Portland, May* 27, 1818, concerning a crate of crockery ware sold on credit by *Attwood* to *Clark* the original plaintiff, the terms of which were—that the crate was an assorted crate, which had not been repacked since its importation ;—that a discount of five per cent. was made from the price,—that the plaintiff was to take it home to his store in *Turner,* and on opening it, was to make an account or minute or memorandum of what should be found broken ;—and that the defendant should pay the plaintiff for all the ware which should be found broken, over and above the amount of the five

per cent. deducted at the sale. Nothing was said concerning the *time when* the plaintiff should furnish the defendant with the memorandum of the broken ware.

It also appeared that on opening the crate at *Turner* about one fourth part of the ware was found broken. The plaintiff marked the quantity broken on the margin of the invoice or bill of parcels which he received from *Attwood*, against each respective kind of ware ; which bill was produced at the trial.

This bill thus marked the plaintiff in *May* 1819 delivered to a person resident in the same town with himself, and who was also a trader and had originally introduced him as a customer to *Attwood*, and witnessed the bargain, to present to him for adjustment according to the original contract ;—but the witness did not find him at his store, neither at that time, nor at the several times at which he afterwards called, during two years in which he kept the bill ;—nor did the witness leave any message at the store of the defendant relating to the bill, but after about two years he returned it to the plaintiff.

The plaintiff also proved that in *August* 1822 he handed the same bill to another witness, requesting him to present it to the defendant and demand payment of the sum marked thereon as the amount of the broken ware ; which the witness did,—telling the defendant that the demand was for the broken crockery mentioned on the bill, and that the plaintiff was willing he should take the bill and examine it for himself, and make a new calculation if he was dissatisfied with that already made ; —to which the defendant replied—" how do I know but it was broken by running against a tree or a shed ?"—but said nothing as to the *lateness* of the demand.

The Judge who tried the cause in the Court below left it to the jury to decide, as a question of *fact*, whether it was a part of the contract that the plaintiff should furnish the defendant with an account or memorandum within a reasonable and convenient time ; and if it was, then a reasonable time had elapsed before the demand ;—but if they believed that it was not a part of the contract that notice should be given within a convenient time, then they might return a verdict for the plaintiff, in case they should also find that the figures in the margin of the bill were such a memorandum as, within the meaning of the contract,

the plaintiff was bound to have made. The jury found for the plaintiff; and the defendant thereupon filed exceptions at common law to the opinion of the Judge.

The errors assigned were, in substance, that the questions left to the decision of the jury were questions of law, which ought, therefore, to have been settled by the Court. Plea *in nullo est erratum.*

*Fessenden* and *Deblois,* for the plaintiff in error.

The time in which the contract of *Attwood* was to be performed not having been fixed by the parties, the omission is supplied by the rule of law, that it is to be done in reasonable and convenient time. 1 *Comyn on Contr.* 3, 4. 1 *Com. Dig. Assumpsit, a.* 3, 4. 1 *Rol. Abr.* 14. *l.* 50. It is a case, in which the jury are to receive this part of the contract from the bench, as a matter of law, instead of being left to find it as a question of fact. *Tucker v. Maxwell,* 11 *Mass.* 143. *Thompson v. Ketcham,* 8 *Johns.* 189. And it stands on the same principle with indorsed notes and bills of exchange, where the time of demand and notice is regulated wholly by legal intendment, when it is not otherwise settled by the parties themselves. *Hussey v. Freeman,* 10 *Mass.* 84. 1 *D. & E.* 167. *Chitty on bills,* 164, 197—9. *Freeman v. Haskin,* 2 *Caines,* 369. 6 *East,* 3—16. *Tidd's Pr.* 388. 4 *Com. Dig. Pleader, c.* 74. 16 *Vin. Abr. tit. Notice* 5.

The promise of *Attwood* was also *dependent* on the previous condition, that *Clark* should furnish him with a memorandum or account within a reasonable time. Until thus furnished, it was not possible for him to know what he was bound to pay. The time for performance of this part of the contract, on the part of *Clark,* not having been fixed by the parties, was also limited by the law to a reasonable and convenient time. 1 *Selwyn's N. P.* 94, 95. *Ranay v. Alexander, Yelv.* 76. And until such an account was taken and presented to *Attwood,* he was not liable to pay; nor did the statute of limitations begin to operate upon the contract till that time; because then, and not before, did the right of action against him accrue. *Thorpe v. Thorpe,* 1 *Salk.* 171. *Johnson v. Read,* 9 *Mass.* 78. *Wilson v. Clements,* 3 *Mass.* 1.—Now the lapse of four years, before the bill ap-

pears to have been presented to *Attwood*, was an unreasonable delay; and to sanction it would impose on the transactions of merchants, and especially on commission-business, a degree of uncertainty and delay, in its consequences most embarrassing.

Nor was the demand made in *August* 1822 in itself such as the original defendant ought to be bound by. The witness who made it was not furnished by *Clark* with any explanation of the paper; and the memorandum on the face of it was not intelligible, nor was it signed by *Clark*. It being a special confidence reposed in *Clark*, a *personal* notice by *himself* was indispensable.

*Greenleaf* and *W. K. Porter*, for the defendant in error.

The questions whether, by any express contract, *Attwood* engaged to pay money in any event to *Clark*,—and whether the memorandum exhibited was such as the parties intended, —were matters of fact, to be found by the jury. Another question was, whether the parties themselves fixed any time within which this memorandum was to be exhibited,—and if any, then *what* time? This also was a question of fact. It might have been *expressly* agreed by *Attwood* that he would pay whenever, sooner or later, it should be demanded;—like the case of a note made payable on demand. And the jury had good ground to believe this from the evidence of the witness who testified that when he presented the memorandum and demanded payment, *Attwood* did not object that it was too late;— thus plainly admitting that the demand was not out of season. Having given one reason why he refused payment—specifying the supposed *cause* of the damage,—it is a legal conclusion that no other existed. If it did, he waived it.

If no time was limited by the parties for the exhibition of the memorandum, then the only remaining question was, *when* the plaintiff ought to have exhibited it?—and this was in effect decided by the Judge. The obvious meaning and import of his language to the jury was,—that if they should find that no time was expressly limited by the parties for the delivery of the memorandum, but that it was left to the *legal period of reasonable and convenient time*, then *that period* had elapsed. He evidently adverted to the term "reasonable and convenient time," as a term well known and defined in the law; and such is the substance of his language to the jury.

The object sought by the plaintiff in error is to deprive the defendant of a verdict well founded in equity and justice. The case of *Wilkinson v. Payne*, 4 *D. & E.* 468. shews how far the Court will go to support a verdict found for the plaintiff upon a presumption even *contrary* to evidence, where they were satisfied that he was entitled, in conscience, to recover. See also *Booden v. Ellis*, 7 *Mass.* 507. *Goodrich v. Walker*, 1 *Johns. Ca.* 250.

Mellen C. J. at the succeeding *November* term delivered the opinion of the Court.

The statement of a few plain propositions and principles will simplify the cause and lead to an easy decision.

If the contract on which the original action is founded had been *in writing*, and *no time* had been mentioned within which the account or memorandum of broken ware was to have been furnished by *Clark* to *Attwood*, the law would have supplied what the parties had omitted ; or rather would have decided *when* the memorandum should have been furnished; i. e. *in a reasonable time*. In such a case the *question of time* would be purely a matter of *legal* construction. We need not cite authorities in support of this position.

The contract on which the action *is* founded is a *parol contract ;*—and it appears on the exceptions that the only witness by whom it was proved, and by whom all the terms were distinctly stated, was introduced by the original plaintiff; and he testified also *that nothing was said* " about the time when the " plaintiff should furnish the defendant with the account, min- " ute or memorandum aforesaid."

It then appears, that as to *this particular*, there was *no contract* between the parties, made and expressed by them.

The contract thus made and undisputed as to its terms, stands on the same foundation, in point of construction, as though it had been reduced to writing ; and the law must complete it in the same manner, by deciding *as to the time* within which the memorandum of broken ware was to have been furnished ; viz. it was to have been within a *reasonable time.*

What *is* a *reasonable time,* within which an act is to be performed, when a contract is silent on the subject, is a *question of law.*

Attwood *v.* Clark.

The Judge instructed the jury that, if they believed it was no part of the contract that notice should be given within a reasonable time, they might return a verdict for the plaintiff.

He also instructed the jury that a reasonable time had elapsed before the demand of payment.

Now as it appears by the exceptions that no time was mentioned in the contract, within which the memorandum was to be furnished, the *law fixed the time*, as we have before stated, viz. a *reasonable time;* and such time had elapsed before demand made, according to the Judge's opinion;—there was, therefore, nothing as to this point for the jury to decide; the contract as proved was not denied; and no fact existed from which they would have had a right to presume that the time for furnishing the memorandum *did* form a part of the contract.

Such then being the contract, the question as to reasonable time being a question of construction for the Court as matter of law; as in cases of demand and notice in actions against indorsers of promissory notes; and such being the opinion of the Judge as to reasonable time; we think his instructions to the jury on this point were incorrect, because he informed them that they might find a verdict for the plaintiff if they believed—what they could not help believing and were not at liberty to disbelieve upon the evidence—that it was *not a part* of the contract that notice should be given within a reasonable or convenient time. The very circumstance thus mentioned shows that the jury had nothing to decide on this point. If reasonable time did form a part of the contract, then the Judge stated that notice was not given *within* such reasonable time. If it *did not* form a part of the contract, the jury had no concern with the question. It was the business of the Court exclusively, to give a legal construction to the contract on that head, and thus complete the contract by annexing what the law implied, viz. that the memorandum should have been furnished and the demand made on *Attwood* within a reasonable time. Had he done this, the principle of law which he clearly stated to the jury, would have led him further to instruct them that on the facts disclosed, and on legal principles, the action was not maintainable. On this ground, we think the judgment is erroneous; and being satisfied on this point, it is not necessary for us to pay any par-

ticular attention to others, or to the arguments which have been urged relating to them. The inquiry whether there was a waiver of objections on account of the delay to furnish the memorandum, seems not to have been submitted to the jury's consideration.

The judgment is reversed; and a new trial may be had at the bar of this Court.